[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11734
Non-Argument Calendar

_____

D. C. Docket No. 04-00113-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTHA SANCHEZ-RESTREPO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 28, 2006)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Martha Sanchez-Restrepo appeals her 262-month

concurrent sentences for: (1) conspiracy to import one kilogram or more of heroin, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(A), and 963; (2) knowingly importing one kilogram or more of heroin, in violation of 21 U.S.C. §§ 952(a), and 960(a)(1) and (b)(1)(A); (3) conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i), and 846; and (4) possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(i). After review, we affirm.[1]

On appeal, Sanchez-Restrepo argues that the district court erred in holding her accountable for 10,145.1 grams of heroin because she did not admit to that drug amount and that amount was not specified in the indictment. However, Sanchez-Restrepo admitted that she was responsible for that amount of drugs by not objecting to that amount in the PSI or at sentencing. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (defendant's failure to object at sentencing to PSI's fact statements about relevant conduct constitutes admission to facts in PSI). Thus, the district court properly calculated the defendant's guidelines range as 262 to 327 months.

---

[1]Sanchez-Restrepo argues for the first time on appeal that her trial attorney was constitutionally ineffective. However, given the state of the record, we decline to address the defendant's ineffective-assistance-of-counsel claim on direct appeal. See Massaro v. United States, 538 U.S. 500, 504-05,123 U.S. 1690, 1694 (2003).

2

Alternatively, Sanchez-Restrepo was sentenced under an advisory guidelines system post-United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). This Court has concluded that when the district court applies the guidelines in an advisory manner, it does not violate a defendant's Sixth Amendment right to apply extra-verdict enhancements under a preponderance-of-the-evidence standard. United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005); United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005). Consequently, the district court properly determined, under a preponderance-of-the-evidence standard, that Sanchez-Restrepo was responsible for over ten kilograms of heroin.[2]

AFFIRMED.

---

[2]The defendant also claims that her 262-month sentence constitutes cruel and unusual punishment, in violation of the Eighth Amendment. We reject this argument as meritless. Sanchez-Restrepo also summarily asserts that she "would adopt (and has repeated some of) the favorable arguments of at least the co-defendants/co-appellants." By rule of this Court, parties wishing to adopt portions of other parties' briefs "shall include a statement describing in detail which briefs and which portions of those briefs are adopted." 11th Cir. R. 28-1(f). However, Sanchez-Restrepo does not specify or describe in any way which parties' arguments she purports to adopt. Consequently, we conclude that Sanchez-Restrepo has failed to properly "adopt" any of her co-defendants' arguments.